IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARREN BERRY, on behalf of himself and all others similarly situated, and | )<br>)<br>)<br>) |
| LISA HEDGES, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 09-0484-CV-W-ODS<br>)<br>)<br>) |
| vs. | )<br>) |
| VOLKSWAGEN OF AMERICA, INC., | )<br>)<br>) |
| Defendant. | ) |

ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND

Pending is Plaintiffs' Motion to Remand (Doc. # 7). For the following reasons, the Motion is granted.

I. BACKGROUND

On January 20, 2005, Plaintiff Darren Berry filed this class action law suit against Volkswagen in the Circuit Court of Jackson County, Missouri. Plaintiff sought certification of two separate classes, one class of Missouri consumers and one nationwide class excluding those residing in California. On behalf of the statewide class, Plaintiff alleges Volkswagen's omissions, concealment and course of conduct in connection with the sale and marketing of its vehicles with defective window regulators violates the Missouri Merchandising Practices Act. On behalf of the nationwide class, he alleges such omissions, concealment and course of conduct breached express and implied warranties.

On October 20, 2005, Plaintiff filed a First Amended Class Action Petition, adding

Lisa Hedges as an additional class representative and adding California citizens to the nationwide class definition. On November 18, 2005, Defendant removed to this Court, arguing the addition of a new class representative and the redefinition of the nationwide class to include California constitutes a commencement of a new action for purposes of the Class Action Fairness Act ("CAFA"). On February 15, 2006, this Court held that Plaintiff's amendments related back to the original petition and remanded the case.

On June 29, 2007, the state circuit court entered an order certifying the statewide class and denying certification of the nationwide class. On November 26, 2007, following Plaintiffs' request for reconsideration of the court's initial ruling, the circuit court again denied certification of the nationwide class.

On June 12, 2009, Plaintiffs filed and served a Second Amended Class Action Petition. The Second Amended Petition adds a prayer for punitive damages; it also restates the allegations relating to the nationwide class. On June 25, 2009, Defendant again removed the case to this Court, arguing that both the addition of the prayer for punitive damages and the reassertion of claims on behalf of a nationwide class which had already been denied certification constitutes commencement of a new action for purposes of CAFA.

## II. DISCUSSION

CAFA applies to actions commenced after February 18, 2005. A post-CAFA amendment to a petition is not subject to CAFA if it relates back to the original petition. Defendant argues that it is sufficiently prejudiced by the addition of the prayer for punitive damages that this amendment cannot relate back to the original petition. Defendant also argues that Plaintiffs' reassertion of a nationwide class that had already been denied certification constitutes a new action because it had no tolling effect on the statute of limitations.

*A. Punitive Damages Amendment*

Whenever the claim or defense asserted in an amended pleading arises from the conduct, transaction, or occurrence set forth or attempted to be set forth in the

2

original pleading, the amendment relates back to the date of the original pleading. See Johnson v. GMAC Mortg. Corp., 162 S.W.3d 110, 117 (Mo. App. 2005). Defendant does not argue that Plaintiffs' allegations regarding punitive damages do not arise from the same conduct set forth in the original and First Amended Petition. Rather, Defendant alleges that it had no notice that Plaintiffs would seek punitive damages, and therefore, that it is unfairly prejudiced by the amendment. In granting Plaintiffs' motion for leave to file their Second Amended Petition, the state court addressed Defendant's argument that it would be prejudiced by the amendment:

> The crux of Defendant's argument as to why the Plaintiff's Motion should be denied is at the time the Motion was filed, trial was only 8 weeks away. Since the filing of the Motion, the trial in this matter has been continued until April 19, 2010. As Plaintiffs point out in their Reply, trial is now 8 months away, which severely reduces the amount of prejudice Defendant will suffer if Plaintiffs are allowed to amend their Petition.

See Doc. # 1, Exh. B.

Defendant argues the state court's order establishes that Defendant is prejudiced by the amendment adding punitives, even if that prejudice is "severely reduce[d]." Therefore, Defendant states that the amendment cannot relate back. However, the question is not whether Defendant will suffer any prejudice at all, it is whether Defendant will be "unfairly" prejudiced. See Plubell v. Merck & Co., Inc., 434 F.3d 1070, 1072 (8th Cir. 2006). Defendant does not articulate how it will be prejudiced by the addition of the punitive damages amendment. Defendant's initial argument opposing Plaintiffs' motion to amend the petition was based on an approaching trial setting that was later continued. The Court concludes Defendant was not unfairly prejudiced by Plaintiffs' amendment adding punitive damages. Therefore, the amendment relates back to the original petition, and CAFA does not apply.

*B. Reallegation of Nationwide Class*

Defendant argues that Plaintiffs' June 12, 2009 re-assertion of nationwide class claims that were denied certification in 2007 cannot relate back to the original petition. In support, Defendant cites to American Pipe & Construction Co. v. Utah, 414 U.S. 538, 552-53 (1974), for the proposition that the initial filing of a class action tolls the statute of

3

limitations as to individual claims within the putative nationwide class until the issue of certification is resolved.  If certification is denied, the statute of limitations begins to run again and individuals within the putative class are required to intervene or file their own actions within the time remaining in the limitations period.  Id.  The tolling rule, however, cannot be used by plaintiffs to sequentially relitigate a denial of class certification.  See, e.g., Yang v. Odom, 392 F.3d 97, 104 (3d Cir. 2004).  Defendant argues that because the tolling of the statute of limitations was lifted when the circuit court denied certification of the nationwide class, the Second Amended Petition's identical reassertion of the nationwide class claims commenced a new action under CAFA.

Even if the statute of limitations as to individual claims within the putative nationwide class began to run again when the state court denied certification, Defendant cites to no authority that suggests Plaintiffs' Second Amended Petition, which merely copied the nationwide class allegations from the First Amended Petition, instituted a new action for purposes of invoking this Court's CAFA jurisdiction.  Defendant did not raise this argument with the circuit court in opposing Plaintiffs' motion to amend the petition, and the circuit court's order allowing Plaintiffs to file an amended petition does not contemplate a re-opening of the issue of nationwide class certification.  Therefore, Plaintiffs' Second Amended Petition did not commence a new action, so CAFA does not apply.

### III. CONCLUSION

Plaintiffs' Motion for Remand is granted, and the case is remanded to the Circuit Court of Jackson County, Missouri.  Plaintiffs' request for attorneys' fees and expenses is denied.

IT IS SO ORDERED

                                                     /s/ Ortrie D. Smith
                                                     ORTRIE D. SMITH, JUDGE
Date: July 28, 2009                   UNITED STATES DISTRICT COURT